■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, v. BELARD PROPERTIES, INC., et al., Respondents, et al., Defendants.— Appeal from an order of the County Court of Sullivan County, confirming a report of Commissioners of Appraisal. Plaintiff sought and was granted an order and judgment authorizing it to condemn certain property of the corporate defendant over which plaintiff was given the right to erect and maintain poles and transmission and distribution wires carrying up to 66,000 volts. The easement is 100 feet in width and extends about 800 feet across the northerly portion of the corporate defendant's real property. The real property, consisting of 16½ acres, was first acquired 10 years ago and gradually has been improved until now it comprises a high type bungalow colony for seasonal vacationers. The bungalows are presently grouped in the center of the property. The tract is supplied with sufficient water and equipped with a sewage system adequate to support an additional 10 bungalows. The natural area of expansion would be in the area now occupied by plaintiff's right of way and, in fact, prior to the taking a rough road had been constructed to this area. The presence of the line now makes expansion impracticable in the right of way area. The experts for the parties did not agree upon the value of the property either before or after the taking. One of defendants' experts placed the value at $204,500 before and $190,250 after the taking; one of plaintiff's witnesses stated it had had a value of $160,175 previous to the condemnation and $500 less afterwards. The commissioners fixed the damages sustained in consequence of the taking at $7,750 and reported " we have awarded as compensation the difference between the fair market value of the whole of the lands before the taking and the fair market value of what remains after the taking together with all damages resulting to the remaining lands, and the resultant necessary cost for the construction of a fence thereon". Plaintiff complains that the commissioners disregarded the testimony of its expert witnesses that the damage sustained was only $500. However, there was a question of fact created which the commissioners who heard the witnesses and viewed the property were particularly fitted to decide and we cannot say that it was error for them to reject the valuations given by plaintiff's experts. Plaintiff also claims that fencing of the right of way was not made necessary by the taking nor was the cost of installing a fence a proper element to consider in fixing the award. There is testimony in the record, which the commissioners were justified in believing, that in the process of clearing the right of way plaintiff denuded a dangerous slope and left stumps exposed and that a fence would be required in order to protect children who occupied a day camp on the premises adjacent to the right of way. The commissioners could properly consider this evidence and, although they could not award a separate sum for the erection of the fence, they could properly regard it as an element to be considered in fixing the value of the property after the taking. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.